UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**ERNESTINE MACK** : **DOCKET NO. 5:22-cv-04520**

**VERSUS** : **JUDGE DONALD E WALTER**

**HARTFORD CASUALTY INSURANCE CO:** **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss Without Prejudice filed by plaintiff Ernestine Mack. Doc. 26. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated **IT IS RECOMMENDED** that the motion be **GRANTED**.

This suit was filed on plaintiff's behalf by the firm McClenny Moseley & Associates, PLLC ("MMA"). Doc. 1. Plaintiff recently became a *pro se* litigant by operation of an order of this court styled Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters (the "Termination Order"). Doc. 18. Attached to the Termination Order was a fillable form entitled "Motion to Dismiss Without Prejudice." Doc. 18, att. 1. The Termination Order contained the following instruction and reference to the form motion to dismiss:

> **ADDITIONAL NOTICE TO PLAINTIFF:** If you never intended for this lawsuit to be filed on your behalf or, for whatever reason, no longer wish to pursue your lawsuit, please complete the attached form entitled "Motion to Dismiss Without Prejudice." Please follow the instructions on the form carefully. Unless and until you receive notice that the motion has been granted or if you receive notice that the motion has been denied, your case remains active, and you remain responsible for

- 1 -

representing yourself as outlined above. If you are concerned about the consequences of signing this document, we suggest you consult with an attorney.

Doc. 18, p. 4. The properly completed and witnessed form motion to dismiss is now before the court.

Having reviewed plaintiff's motion, the undersigned finds it a competent expression of plaintiff's wish to no longer prosecute this case against the defendant. Accordingly,

**IT IS RECOMMENDED** that the Motion to Dismiss Without Prejudice [doc. 26] be **GRANTED,** and that plaintiff's claims against defendant Hartford Casualty Insurance Co be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of November, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE